188 So. 693

## LIGER v. STATE.

### 4 Div. 459.

Court of Appeals of Alabama.

May 2, 1939.

Walters & Walters, of Troy, for appellant.

Thos. S. Lawson, Atty. Gen., and Edw. B. Crossland and John W. Vardaman, Asst. Attys. Gen., for the State.

RICE, Judge.

Appellant was convicted of a violation of the terms of Sec. 57 of the Alabama Beverage Control Act (Gen. and Local Acts, Special Session 1936–1937 p. 40), which section reads as follows: "Section 57. That it shall be unlawful to locate any state liquor store within one mile of the boundary of the campus or grounds of any State Teachers College or any institution of higher learning or of any eleemosynary institution in this State, unless such store is within four hundred feet (400 ft.) of the Court House, and it shall be unlawful to sell any intoxicating, spirituous, vinous, or malt liquors or beverages or wine or beer in any establishment located within one mile of the boundary of the campus grounds of such institution or college, unless such establishment is within four hundred feet (400 ft.) of the Court House; provided, however, the provisions of this section shall not apply to or be operative within the corporate limits or the police jurisdiction of cities having a population of more than 50,000, according to the last Federal census, or which shall have such population according to any Federal census which may be taken hereafter." Page 84.

As summarized in the brief filed here on behalf of the State: "The evidence introduced by the State tended to prove that on February 12, 1938, the State Witnesses,

Johnson and Hawkins went to the Appellant's place of business which was within a half mile of the State Teachers College, (in Troy, Alabama) and requested the Appellant to sell them some whiskey. The Appellant stated that he would send the boy for some as soon as he returned. Shortly thereafter one, Leo McCall brought Johnson and Hawkins a pint of whiskey. Johnson gave McCall a Five Dollar Bill. McCall deposited same in the cash drawer, (in appellant's store) and brought Johnson Four Dollars in change. The testimony tended to prove further that McCall was seen by the witnesses to serve several other customers (in appellant's said store or place of business) while they were present."

It will be seen—we knowing judicially that Troy is not a city "having a population of more than 50,000, according to the last Federal Census"—that the State's testimony was sufficient to justify an inference that appellant was guilty of the offense denounced by the quoted section of said Alabama Beverage Control Act.

But appellant denied in toto the testimony, as to his guilt of any offense, offered on behalf of the State.

He introduced as his witness the said Leo McCall—whom he denied was employed by him—and sought to prove by McCall that upon the occasion in question (and the testimony left no doubt as to the occasion referred to in the questioning) the two State's witnesses hereinabove mentioned came to appellant's store, in appellant's absence, and procured McCall to order for them, by telephone, a pint of liquor (whiskey),—inferentially, the only pint of whiskey received by the said State's witnesses upon the said occasion—and that said whiskey was delivered personally to Mr. Johnson, one of said State's witnesses, by a taxi-driver; and that Johnson paid said taxi-driver for it, then and there.

Objections by the State to the questions calling for the proposed testimony from McCall, noted, were sustained, and exceptions duly reserved.

We think the action by the court in thus sustaining the State's objections constituted error for which the judgment of conviction must be reversed.

Said objections apparently were sustained upon the ground that the time of the occurrence mentioned was not definitely fixed. But we do not see how it could have been more satisfactorily specified.

The State's witnesses fixed it—if not by calendar day and hour, surely by the one and only occasion. And appellant, it seems to us, and we hold, was entitled to offer such evidence as he had—the testimony of McCall a material part of same—to the effect that the testimony of the State's witnesses was untrue.

The judgment is reversed and the cause remanded.

Reversed and remanded.